## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **DEANNA LUNSFORD, as Special** ) | |
| **Administrator of the Estate of** ) | |
| **Jonathan Randall, deceased, and** ) | |
| **DOUGLAS RUCKER, as Special** ) | |
| **Administrator of the Estate of Jacob** ) | |
| **Rucker, deceased,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | **Case No. 22-CV-0347-CVE-MTS** |
| ) | |
| **CITY OF TULSA, OKLAHOMA et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## OPINION AND ORDER

Now before the Court is Defendants' Joint Motion to Sever Claims and Brief in Support (Dkt. # 34). Defendants ask the Court to sever the claims of plaintiffs Deanna Lunsford and Douglas Rucker, because their claims arise out of separate, unrelated incidents that were improperly joined in a single lawsuit. Dkt. # 34. Plaintiffs respond that they are both alleging that Tulsa Police Department (TPD) officers acted with deliberate indifference by using excessive force, and the incidents giving rise to their claims occurred because of an unconstitutional municipal policy concerning the training and supervision of TPD officers. Dkt. # 38.

This case was filed by Deanna Lunsford and Douglas Rucker based on allegations that TPD officers used excessive force and caused the death of two persons. Deanna Lunsford is the special administrator of the estate of Jonathan Randall, and she alleges that Randall had an encounter with TPD officers while he was having a mental health breakdown. The incident involving Randall took place on August 8, 2020, and Lunsford alleges that Randall was attempting meet a friend who could help him with his mental health problems. Dkt. # 4. The friend was staying at a women's shelter

in Tulsa, Oklahoma, and police were called after employees of the shelter saw Randall climbing a fence to enter the shelter. Dkt. # 4, at 3. TPD officers arrived on the scene with a member of the Community Outreach Psychiatric Emergency Services (COPES), and the COPES representative attempted to speak with Randall. TPD officers ordered the COPES representative to back away from Randall after he pulled out a pocket knife, and TPD officers set up a perimeter around Randall. Id. at 4. TPD Detective Pablo Zuniga arrived and began speaking to Randall, and Randall was advised that he was not free to leave due to an outstanding felony warrant. Id. at 5. Randall became upset when he learned that he was going to be arrested and he began cutting himself with the pocket knife, and TPD Lieutenant Clay Ballenger ordered officers to fire non-lethal weapons at Randall. Id. Randall was struck by beanbag rounds and pepper balls and officers ordered him to drop the knife, and Lunsford alleges that Randall dropped the knife in a non-threatening manner. Id. After Randall dropped the knife, Lunsford claims that police began firing their firearms without reason to believe that Randall posed any threat to them, and Randall died after being shot over 20 times. Id. at 6.

Douglas Rucker alleges that his son, Jacob Rucker, was killed by TPD officers on November 5, 2020. The complaint alleges that Jacob Rucker was sitting in the driver's seat of his vehicle in the parking lot of the OYO Hotel, and TPD Officers Will Mortensen and Michael Snyder parked behind Jacob Rucker's vehicle. Id. at 7. Mortensen allegedly approached Jacob Rucker's vehicle with his gun drawn and opened the driver's side door. Id. Jacob Rucker put his vehicle in reverse and attempted to drive away, and he caused damage to the TPD patrol vehicle before he stopped driving in reverse. Id. Jacob Rucker started to drive forward and Mortensen and Snyder both fired their weapons at the vehicle, and Jacob Rucker was struck by several shots before he crashed his vehicle into the hotel. Id. at 8. Douglas Rucker alleges that Jacob Rucker climbed or fell out of his

vehicle and laid down on the ground, and Mortensen and Snyder continued to fire at Jacob Rucker as he lay on the ground.  Id.  TPD Officers Dylan Myers and Drew DeGeorge arrived on the scene and allegedly fired additional rounds at Jacob Rucker.  Id.  Douglas Rucker alleges that police later falsely claimed that they believed that Jacob Rucker was in possession of a firearm in order to create a justification for their conduct, and Jacob Rucker died after being shot over 19 times.  Id. at 9.

Plaintiffs filed this case alleging claims against the City of Tulsa (the City) and 12 police officers based on the alleged used of excessive force against Jonathan Randall and Jacob Rucker. Each plaintiff alleges claims under 42 U.S.C. § 1983 against the individual police officers for their use of deadly force when the plaintiffs posed no risk of harm to the officers or the public.  Id. at 13-15.  Plaintiffs allege that the City is liable under a theory that the City maintains a policy of failing to train or supervise police officers in the appropriate use of force, and plaintiffs allege that the City's long-standing history of permitting officers to use excessive force shows deliberate indifference to plaintiffs' constitutional rights.  Id. at 16.

Under Fed. R. Civ. P. 20, persons may join as plaintiffs in a single action if "they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and there is "any question of law or fact common to all plaintiffs" that will arise in the action.  Misjoinder of parties in a single action is not a reason to dismiss a case, but "the court may at any time, on just terms, add or drop a party" or "sever any claim against a party."  Fed. R. Civ. P. 21.  Severance of claims under Rule 21 is a distinct procedure from ordering separate trials under Fed. R. Civ. P. 42(b), which permits a court to order a separate trial of one or more claims "[f]or convenience, to avoid prejudice, or to expedite and economize . . . ."  Severance of improperly joined claims creates two distinct actions or lawsuits

3

and the cases proceed independently, while ordering separate trials of properly joined claims merely sets claims for separate trials in a single case or action before the court. Acevedo-Garcia v. Monroig, 351 F.3d 547, 559 (1st Cir. 2003); Reinholdson v. Minnesota, 346 F.3d 847, 850 (8th Cir. 2003). Severance is appropriate when the claims of different plaintiffs are "discrete and separate," and "one claim must be capable of resolution despite the outcome of the other claim." Gaffney v. Riverboat Servs. of Indiana, Inc., 451 F.3d 424, 442 (7th Cir. 2006).

Defendants argue that the Randall and Rucker incidents were entirely separate and unrelated, and plaintiffs cannot show that their claims arise out of a single transaction or a series of related transactions. Dkt. # 34, at 6-7. The Federal Rules of Civil Procedure do not define "transaction," but federal courts have applied a "logical relationship" test to determine if claims are part of the same transaction. Jacobs v. Watson Pharmaceuticals, Inc., 2011 WL 2216257 (N.D. Okla. June 7, 2011). "'Transaction' is a word of flexible meaning . . . [that] may comprehend a series of occurrences, depending not so much upon the immediateness of their connection as upon their logical connection." Mosley v. Gen. Motors Corp., 497 F.2d 1330, 1333 (8th Cir. 1974). This standard has been interpreted liberally in favor of joinder of claims in a single action, and courts are "inclined to find that claims arise out of the same transaction or occurrence when the likelihood of overlapping proof and duplication in testimony indicates that separate trials would result in delay, inconvenience, and added expense to the parties and to the court." Birdwell v. Glanz, 314 F.R.D. 521, 524 (2015).

Plaintiffs argue that their claims are properly joined in a single action, because both plaintiffs have alleged claims under § 1983 based on allegations of excessive force by TPD officers due to an unconstitutional policy maintained by the City that tolerates or permits such conduct. Dkt. # 38, at

4

12-14.  Plaintiffs claims that defendants will not be prejudiced if the Court permits plaintiffs' claims to be joined in a single action, and trying plaintiffs' claims together will result in more efficient pretrial discovery.  Id. at 14.  Defendants argue that the claims of each plaintiff are factually and temporally distinct and involve different police officers, and keeping the cases joined would not result in reduced pretrial discovery, motion practice, or a more efficient jury trial.  Dkt. # 34, at 7; Dkt. # 39, at 7-8.

Plaintiffs have not actually identified a specific policy or custom that gives rise to their claims, and plaintiffs' proposed interpretation of the term "transaction" is so broad that it would allow almost any plaintiffs with claims against TPD to join in a single action.  Plaintiffs cite several cases in an attempt to show that the claims of multiple plaintiffs can be joined in a single action, even if the events giving rise to the claims occurred at different times or involve different defendants. Plaintiff cites Green v. Padilla, 484 F. Supp. 3d. 1098 (D.N.M. 2020), in which three female inmates of the same prison alleged that guards were sexually abusing them and that supervisors were aware of the guards' conduct.  The court found that each plaintiff was asserting essentially the same claim based on similar facts, and the claims arose out of a single policy of intentionally ignoring claims of sexual abuse and assault against female inmates.  Id. at 1150.  The court also found that there would be a substantial benefit to the parties and the court to try all of the plaintiff's claims in a single case, and the overlap of factual and legal issues weighed strongly in favor of finding that the plaintiffs' claims were properly joined under Rule 20.  Id. at 1151.  In Morgan v. City of Overland, Kansas, 2021 WL 4804309 (D. Kan. Oct. 14, 2021), two police officers employed by the city of Overland Park, Kansas alleged workplace discrimination claims under similar theories, and they joined their claims in a single action.  Id. at *1.  The court found that the claims of each plaintiff

occurred during a similar time frame and involved the same workplace policies, and each plaintiff's claims would necessarily require resolution of similar factual and legal issues. Id. at *4. Finally, plaintiffs cite Jones v. City of St. Louis, 2022 WL 1591792 (E.D. Mo. May 19, 2022), where the district court found that multiple plaintiffs who were inmates of the St. Louis City Justice Center alleged that the defendants had unconstitutional policies of depriving inmates of water and using mace without sufficient justification and, although there were several plaintiffs, the plaintiffs' claims primarily involved two defendants who were the driving force of most of the claims. Id. at *2.

 None of the cases cited by plaintiffs bears any substantial similarity to plaintiffs' attempt to join their claims in a single action. All of the cases cited by plaintiff occurred within a specific setting, such as a jail or workplace, and the plaintiffs in those cases were challenging a clearly-defined policy that created a logical relationship between their claims. Plaintiffs argue that the City "has created and tolerated and maintained long-standing, unconstitutional department-wide customs, law enforcement related policies, procedures and practices, and failed to properly train and/or supervise its officers in a manner amounting to deliberate indifference with respect to uses of excessive force," and plaintiffs claim that this alleged policy was the "moving force" behind the incidents causing Randell's and Jacob Rucker's deaths. This purported "policy" creating a link between plaintiffs' claims is so vague that any two plaintiffs alleging the use of excessive force by TPD officers could join their claims in a single case. Plaintiffs have failed to show that their claims form part of a single transaction or series of transactions, and the claims of plaintiffs Lunsford and Douglas Rucker were not properly joined in a single action under Fed. R. Civ. P. 20. Lunsford alleges that Jonathan Randell was killed by TPD Officers Cody Riley, Joshua Hyman, William Shanks, Justin McRee, Chad Cunningham, Tyler Butler, Dakota Jones, and Branton Miller while

6

Randall was having a mental health episode and that officers used excessive force during the incident. Douglas Rucker alleges that an entirely separate group of police officers used excessive force during an incident in which Jacob Rucker attempted to flee from police officers in a vehicle. Although each incident resulted in the death of a person coming into contact with TPD officers, the Court can discern no other similarities between the incidents and there would no benefit to the Court or the parties to allow plaintiffs' claims to proceed together as a single action. Defendant's motion (Dkt. # 34) to sever the claims of plaintiffs Lunsford and Douglas Rucker is granted, and plaintiffs' claims will proceed as separate cases.

**IT IS THEREFORE ORDERED** that Defendants' Joint Motion to Sever Claims and Brief in Support (Dkt. # 34) is **granted**.

**IT IS FURTHER ORDERED** that the Court Clerk is directed to open a new case for the claim filed by Douglas Rucker with a filing date of the amended complaint (Dkt. # 4) of **August 12, 2022**, the date on which the amended complaint in this case was originally filed. Plaintiff Deanna Lunsford's claim shall remain pending in this case, **and the cases will proceed as separate lawsuits**.

**IT IS FURTHER ORDERED** that defendant City of Tulsa will be named as a defendant in **both** the Lunsford and Rucker cases. Defendants Cody Riley, Joshua Hyman, William Shanks, Justin McRee, Chad Cunningham, Tyler Butler, Dakota Jones, and Branton Miller **shall remain as defendants in the Lunsford case only**, and defendants Michael Snyder, Will Mortensen, Dylan Myers, and Drew DeGeorge shall be **named as defendants in the Rucker case only**. **The Court Clerk and the parties shall amend the case captions accordingly.**

7

**IT IS FURTHER ORDERED** that the Court Clerk shall also file in the new case (Rucker) the following prior filings or docket entries (Dkt. ## 14, 18, 22, 32) that relate to Rucker's claims **only**.  The following filings or docket entries (Dkt. ## 12, 15, 16, 17, 19, 20, 21, 23, 31) shall be filed in the Lunsford case **only**.  The remaining filings or docket entries shall be filed in both the Lunsford and Rucker cases.  A copy of this Opinion and Order shall be filed in both, the existing and the newly created, cases.

**DATED** this 9th day of June, 2023.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE